Tomscyk, by guardian *ad litem,* Appellant, vs. Badger Box
and Lumber Company, Respondent.

*May 2—May 21, 1914.*

*Master and servant: Injury: Directed verdict: Appeal: Review,*

In an action for injuries sustained, before the common-law rules
were changed by statute, by an infant employee in a box fac-
tory, whose hand came in contact with a circular saw, a judg-
ment for defendant upon a directed verdict is affirmed, it not
appearing that the trial court was clearly wrong in holding
that the evidence did not raise a jury question as to defend-
ant's liability.

Appeal from a judgment of the circuit court for Wood
county: Chas. M. Webb, Circuit Judge. *Affirmed.*

Action for a personal injury. Plaintiff, a boy of seven-
teen years of age, while in the employ of defendant, received
a personal injury by his hand colliding with a circular saw
at which he was working. Several grounds of actionable
negligence were alleged but there was no evidence to sustain
any except, possibly, as to fault in not furnishing plaintiff
a suitable tool for use in performing his duties and as to not
warning of the danger of doing the work with such a tool.·
The evidence was to this effect: Plaintiff knew of the danger
of allowing his hand to come in contact with the saw. The
saw was of moderate size, fixed to an arbor located beneath
a saw table which was about three feet high, two feet six
inches wide, and four and a half feet long. The top of the
saw was about four inches above the table. In service it
turned towards where plaintiff was required to stand. It
was located about midway of the table. There were guides
for spacing and keeping in place the boards while being
passed forward in cutting operations. There was a guard,
well down in the front of the saw, to protect the operator
from flying sawdust. Plaintiff was required to pass short
pieces of boards through the saw so as to split them into re-

quired widths.   A complete operation consisted in placing a
board to be split on the table in proper position for making
the desired cut; then pushing it by hand forward until the
cut was partly made, then with a stick held in the right hand
and placed against the upper edge of the end of the board
pass it on far enough to complete the operation.   The stick
was about eight inches long, two inches wide, and one-half
inch thick, the hand end being curved down about like a re-
volver handle and the other end slanted from the top toward
the hand end and at an angle of about twenty degrees.   The
stick was designed in order that—with the stick placed
against the upper edge of the board and the operator's arm
held at an angle of about forty-five degrees—the board would
be held firmly down to the table.   Plaintiff had worked some
with a split saw having rollers to do the work performed in
this case by the push stick.   He had worked, as when in-
jured, about two weeks.   He was shown how to operate the
push stick.   The one he used at first was taken away and he
made another substantially like it and continued working
with that up to the time of the injury.   He was not warned
of the danger of the stick slipping from the end of the board
and thus permitting his hand to enter the danger zone of the
saw.   There was evidence tending to prove that such an oc-
currence took place resulting in his hand being severely in-
jured.

There was evidence to the effect that the operation of put-
ting boards through a split saw, as in this instance, was com-
mon; that in some cases rolls are used to hold the boards in
place and move them forward so as to complete the operation
and in some cases a hand tool is used of the kind plaintiff had,
or with a notch in the end placed against the board so as
to lock over the upper edge of the end, but with no guard to
prevent its raising up and slipping towards the saw, as it is
claimed happened in this case.

The accident happened in 1909 before the enactment of

the statutes changing common-law rules as regards the responsibilities of the employer in such cases and the duty of the employee to protect himself from the peril of obvious dangers.

At the close of the evidence a verdict was directed for defendant and judgment was rendered accordingly.

*W. E. Wheelan,* for the appellant.

For the respondent there was a brief by *Goggins & Brazeau,* and oral argument by *T. W. Brazeau.*

MARSHALL, J.   The judgment must be affirmed upon the ground that it does not satisfactorily appear that the trial court was clearly wrong in holding that the evidence did not raise a jury question as regards defendant's liability.

*By the Court.*—So ordered.